STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
www.FightForUrRights.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Roberto Perez

                *Plaintiff*,

-against-

Harlem 421 Food Corp. (DBA Keyfood Supermarket) and Roberto Espinal
                *Defendants.*
----------------------------------------------------------X

**COMPLAINT**

**under 29 U.S.C. § 216(b)**

**ECF Case**

Roberto Perez, ("Plaintiff"), individually by and through his attorneys, Stillman Legal, P.C., upon their knowledge and belief, and as against Harlem 421 Food Corp. (DBA Keyfood Supermarket) and Roberto Espinal (each an "Individual Defendant" and collectively with "Defendant Corporation", "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.    Plaintiff is an employee of Defendant, employed to work as a laborer in a Supermarket known as Key Food in the Harlem section of New York.

2.    The defendant owns, operates, and/or controlled (2) two Supermarkets, located at in 885 Gerard Ave, The Bronx, NY 10452 and 421 West 125th Street, New York NY 10027.

3.    Plaintiff was employed by Defendant to work as a laborer, performing general services and cleaning.

4. At all times relevant to this complaint, Plaintiff worked for Defendant in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked.

5. Defendant failed to pay Plaintiff appropriately for any hours worked over 40.

6. Plaintiff now brings this action, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. The venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant operates their businesses in this district, and Plaintiff was employed by Defendant in this district.

## THE PARTIES

*Plaintiff Roberto Perez*

9. Roberto Perez ("Plaintiff Perez") is an adult individual residing in Bronx, New York.

10. Plaintiff was employed by Defendant from October 15th, 2017, until October 22nd 2022.

11. Plaintiff was hired to work as a laborer of a busy supermarket doing general services and cleaning from Monday through Friday for on or about 70 seventy hours per week.

12. Plaintiff earned $15 Fifteen dollars per hour through all his employment with Defendants. But Defendant failed to pay him the overtime required by the FLSA and NYLL. They did, however, pay all of this hours at straight time.

*Defendant*

13. At all times, relevant to this complaint, Defendant owned, operated a supermarket known as Key Food Fresh Supermarket.

14. Defendant Roberto Espinal is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

15. Defendant Roberto Espinal is sued in his individual capacity as, on information and belief, he is an owner, officer, and/or agent of Defendant Corporation.

16. Upon information and belief, Defendant Roberto Espinal possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

17. Defendant Roberto Espinal determined the wages and compensation of the employees of Defendant, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendant Constitute Joint Employers*

18. Defendant owned, operated, and/or controlled a supermarket named KeyFood in the Harlem neighborhood of New York City/Manhattan.

19. Upon information and belief, individual Defendant Roberto Espinal had operational control over the Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

20. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21. Defendant possessed substantial control over Plaintiff (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22. Defendant jointly employed Plaintiff, and all similarly situated individuals and is him (and all similarly situated individuals') employee within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

23. In the alternative, Defendant constitutes a single employer of Plaintiff and/or similarly situated individuals.

24. At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA and New York Labor Law. The defendant had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for their services.

25. In each year from 2016 to the present, Defendant, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Plaintiff Roberto Perez*

26. Plaintiff Perez has been employed by Defendants from on or about October 15th, 2017, until October 22nd 2022.

27. Plaintiff was hired to work as a laborer of the supermarket doing general services and cleaning.

28. Plaintiff worked for (2) years, Monday through Friday from 7:00 am until 3:00 pm in one of the supermarkets, located in 885 Gerard Ave, The Bronx, NY 10452 and then from 4:00 pm until 10:00 pm in another supermarket owned by the same Defendants located in 421 W 125th St New York, NY 10027.

29. Plaintiff Perez's work duties required neither discretion nor independent judgment.

30. Plaintiff Perez regularly worked more than 40 hours per week at both supermarkets.

31. Plaintiff was paid ($15) fifteen dollars per hour cash from the beginning of his employment until the end of his employment

32. Plaintiff was never paid overtime at the required time and a half premium pay for the extra (30) thirty hours that he worked.

33. No notification, either in the form of posted notices or other means, was given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

*Defendant' General Employment Practices*

34. Defendant's pay practices resulted in Plaintiff not receiving payments for all his hours worked, resulting in Plaintiff's effective rate of pay falling below the required overtime wage rate.

35. Plaintiff has been a victim of Defendant's common policy and practices violating their rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

36. As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

37. Defendant failed to provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendant' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

38. Defendant willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

39. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

40. Defendant did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked and setting forth rate of overtime wage.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

41. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42. At all times relevant to this action, Defendant was Plaintiff employers (and employers of the putative FLSA) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

43. The defendant had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation.

44. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

45. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

46. Plaintiff was damaged in an amount to be determined at trial.

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. Defendant, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

49. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Violation of Overtime Provisions of the New York Labor Law)**

51. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

52. Defendant, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

53. Plaintiff has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a) Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendant have violated the recordkeeping requirements of, and

associated rules and regulations under, the FLSA with respect to Plaintiff' compensation, hours, wages, and any deductions or credits taken against wages;

  (c) Declaring that Defendant' violation of the provisions of the FLSA was willful as to Plaintiff;

  (d) Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  (e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (f) Declaring that Defendant have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

  (g) Declaring that Defendant have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

  (h) Declaring that Defendant have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

  (i) Declaring that Defendant' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

  (j) Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

  (k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent

(100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

      (l)      Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

      (m)      Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

      (n)      All such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 1, 2022

                                          *Lina F. Stillman, Esq.*